**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE PISTONE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| SEQUIUM ASSET SOLUTIONS, LLC, | |
| Defendant. | |

Plaintiff RENEE PISTONE, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant SEQUIUM ASSET SOLUTIONS, LLC ("Defendant"), the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief Defendant SEQUIUM ASSET SOLUTIONS, LLC is a Georgia limited liability company with a primary place of business located at 1130 Northchase Parkway, Suite 150, Marietta, GA  30067

9. Upon information and belief, Defendant is a company that uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2,

partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14. Prior to March 30, 2020, Plaintiff allegedly incurred a financial obligation to First Savings Bank ("FSB") related to a consumer credit card debt ("the Debt").

15. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged FSB Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. FSB is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to March 30, 2020, the FSB Debt obligation became past due with a balance of $463.08.

19. Based upon information and belief, sometime prior to March 30, 2020, FSB either directly or through intermediate transactions assigned, placed, sold or transferred the Debt to Defendant for purposes of collection.

20. At the time the Debt was assigned, placed, and or transferred to Defendant, the Debt was in default.

21. Defendant caused to be delivered to Plaintiff a letter ("the Collection Letter") dated March 30, 2020 concerning the Debt, which sought to collect an amount owed of $463.08 for an account ending in 056. Attached as **Exhibit A** is a copy of the March 30, 2020 collection letter.

22. The March 30, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23. The Collection Letter was sent in connection with the collection of the FSB obligation.

24. The March 30, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25. As the initial written communication from Defendant, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

26. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

28. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

29. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

31. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

32. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

33. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

34. In order to comply with the debt validation rights of section 1692g, the Collection Letter contains the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

35. Defendant's request for payment within the "30 day dispute period" without explaining that its demand did not override the consumer's right to dispute (rendered the validation notice ineffective.

36. The Collection Letter also contains the following language:

8

> You can contact us at the phone number listed above or you can communicate with us about your account at www.sequium.com

("The Contact Us Language")

37. The Contact Us Language directs the consumer to contact Defendant in only one of two ways: either by phone or by Defendant's website.

38. The Contact Us Language does not direct the consumer to contact Defendant by sending a letter by mail.

39. In fact, the collection Letter further additionally dissuades the consumer from corresponding with Defendant by mail by stating:

> Don't want to speak to a representative? Please visit www.sequium.com to communicate with us about your account.

40. Given the Contact Us Language which directs the consumer to contact Defendant **only** either by phone or by the internet, the least sophisticated consumer may believe that any written dispute or request for validation under 1692g(a) must be made via the website and cannot made by mail.

41. The least sophisticated consumer may not know how to access Defendant's website in order to make a written dispute.

42. The least sophisticated consumer may not have access to the internet in order to access Defendant's website in order to make a written dispute.

43. The least sophisticated consumer would be dissuaded from seeking debt validation since he or she would not know how to make a written dispute via Defendant's website.

44. In contrast, the Collection Letter is quite clear in providing four separate options for making payment on the Debt: 1) Pay Online, 2) Pay by Mobile App; 3) Pay by Phone; and 4) Pay by Mail.

45. However, nothing in the Collection Letter indicates that the consumer make seek debt validation or dispute the debt by mail.

46. Defendant's insistence in the Debt Collection Letter that communications with Defendant be made via the website overshadows the consumer's right to seek validation of the debt.

47. Additionally, the Collection Letter is unclear as to who is the current owner of the debt.

48. The Collection Letter fails to identify who Defendant represents.

49. The Collection Letter fails to identify who Defendant is collecting the debt on behalf of.

50. Based upon the language of the Collection Letter, the least sophisticated consumer could be lead to believe that Defendant is the current owner of the Debt.

51. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

52. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

53. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

54. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

55. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

56. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

57. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

58. It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

59. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

60. Plaintiff repeats the allegations contained in paragraphs 1 through 59 as if the same were set forth at length.

61. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

62.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B. 15 U.S.C. § 1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

D. 15 U.S.C. §1692g(a), by effectively failing to provide the debt verification rights notice and/or failing to identify the name of the current creditor;

E. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
March 30, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 30, 2021

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
March 30, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 30, 2021

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

EXHIBIT A

# Sequium Asset Solutions, LLC

1130 Northchase Parkway, Suite 150
Marietta, GA 30067
Toll-Free: 866-752-7391
Hours: Monday through Friday 9 AM – 5 PM Eastern Time Zone

| Account Information | |
|---|---|
| Date: | 03/30/20 |
| Reference #: | ____058 |
| Creditor Name: | First Savings Bank |
| Creditor Account #: | ____056 |
| Total Due: | $463.08 |

Don't want to speak to a representative? Please visit www.sequium.com to communicate with us about your account.



**PAY ONLINE**


Secure, Convenient and Easy to Use.
You can now pay online at:
www.sequium.com
We accept all major credit cards


You can now make payments using our mobile app. Download Now!


Telephone Hours:
Monday – Friday, 9 AM – 5 PM EST.
Toll-Free: 866-752-7391
Fax: 678-228-0019

Send Mail To:
Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

Dear Renee A Pistone:

This notice is being sent to you by a collection agency. Our records indicate that the account listed above has not been resolved. It is understandable that you have not been able to take care of this financial obligation or you would have already done so.

We encourage you to communicate with our office to reach an agreement that will resolve your account and put this matter behind you. Sequium Asset Solutions, LLC understands that each person's financial situation is different and we are confident we can assist you in resolving your outstanding balance.

You can contact us at the phone number listed above or you can communicate with us about your account at www.sequium.com.

If you would like to make a payment on your account we have convenient ways to pay:

- Pay Online: Please visit www.sequium.com to communicate with us about your account
- Pay By Mobile App: Please download our mobile app from the App Store or Play Store
- Pay By Phone: Please call the number listed above and speak with a representative
- Pay By Mail: Please enclose the bottom portion of this letter with your payment

Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.

Sincerely,
Sequium Asset Solutions, LLC

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

---

*** Detach Lower Portion And Return With Payment ***

PO Box 1699
Southgate, MI 48195-0699
CHANGE SERVICE REQUESTED

| | |
|---|---|
| Renee A Pistone | |
| Reference #: | ____058 |
| Creditor Name: | First Savings Bank |
| Creditor Account #: | ____056 |
| Total Due: | $463.08 |
| Amount Enclosed: | $ |



Renee A Pistone

Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067